UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------ x
:
AKIRA KEATON                                           :        3:19 CV 1487 (RMS)
                                                       :
V.                                                     :
                                                       :
ANDREW SAUL, COMMISSIONER                              :
OF SOCIAL SECURITY                                     :        DATE: JANUARY 14, 2021
                                                       :
------------------------------------------------------ x

RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On October 6, 2016, the plaintiff, Akira Keaton, filed an application for Social Security Disability benefits and Supplemental Security Income benefits claiming that she had been disabled since May 9, 2016 due to scoliosis with a history of surgical repairs 1996 and 2016, and Graves' disease. (*See* Doc. No. 25 at 1). After a hearing before Administrative Law Judge ["ALJ"] Eskunder Boyd, ALJ Boyd issued an unfavorable decision denying the plaintiff's claim for benefits, and on August 20, 2019, the Appeals Council denied the plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner. (*Id.* at 1-2).

On September 23, 2019, the plaintiff, proceeding *pro se*, filed her complaint in this action (Doc. No. 1), and on February 17, 2020, counsel appeared for the plaintiff. On September 15, 2020, the Court issued its ruling granting in part the plaintiff's Motion to Reverse and/or Remand and denying the defendant's Motion to Affirm. (Doc. No. 25). Judgment entered two days later (Doc. No. 27) and on November 17, 2020, the plaintiff filed the pending Motion for Attorney's Fees. (Doc. No. 28). The defendant filed his brief in opposition on December 7, 2020. (Doc. No.

29).  On December 18, 2020, following an order from the Court (Doc. No. 30), the plaintiff's counsel filed her "Table of Services" reflecting her itemized timesheet.  (Doc. No. 31).[1]

For the reasons stated below, the plaintiff's Motion for Attorney's Fees (Doc. No. 28) is GRANTED in part in the amount of $7,607.60 ($209/hour) for 36.4 hours of compensable work.

I. DISCUSSION

    A. APPLICABLE LEGAL STANDARD

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions."  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) (citation and footnote omitted).  In order for an award of attorney fees to enter, this Court must find that the plaintiff is a prevailing party, that the Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty days of final judgment, which is calculated from the expiration of the sixty-day time period to file an appeal.  28 U.S.C. § 2412(d)(1)(B); *see* Fed. R. App. P. 4(a)(1)(B)(ii).

In the underlying Motion, the plaintiff's counsel seeks an award of $13,962.45 in attorney's fees for 66.79 hours of work at a rate of $209.00 per hour, and $15.00 in costs.  (Doc. No. 28).[2]  The defendant does not contest the plaintiff's prevailing party status, the hourly rate, or the timeliness of the motion. (Doc. No. 29 at 2).  The defendant contends, however, that the plaintiff's request for compensation for 66.79 hours is "excessive and unreasonable in this routine social

---

[1] The plaintiff docketed her "Table of Services" as a Motion for Attorney Fees (Doc. No. 31).  The Court terminates that motion as moot.

[2] The Court notes that 66.79 hours of work at a rate of $209.00 per hour totals $13,959.11.

security matter, by experienced counsel and should be reduced accordingly." (*Id.*). As a result, the Court must address the singular contested issue of the reasonableness of the attorney's fees.

B. <u>REASONABLENESS OF THE ATTORNEY'S FEES</u>

"Any fee award under the EAJA must be reasonable." *Maerkel v. Comm'r of Soc. Sec.*, No. 3:17 CV 00170 (JAM), 2020 WL 57526, at *1 (D. Conn. Jan. 6, 2000). It is the plaintiff's burden to establish entitlement to this fee award, and the district court has the discretion to determine what fee is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (interpreting Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which allows a "prevailing party" to recover from his adversary "a reasonable attorney's fee as part of the costs."); *see Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010) (holding that "[d]etermining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge."). This Court has a duty to review the plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434.

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." *Poulin v. Astrue*, No. 3:10CV1930 (JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (citations & internal quotations omitted). "Notably, the case law finding that twenty to forty hours represents an average necessary investment of time pre-dates the adoption in this [d]istrict of a . . . practice requiring the plaintiff to provide a detailed medical chronology, with citations to the record, in the motion for remand." *Dupuy v. Colvin*, 3:14CV01439 (SALM), 2015 WL 5304181, at *2 (D. Conn. Sept. 9, 2015). That said, however, "courts in this district have repeatedly reaffirmed the [twenty-to-forty] hour standard for social security cases in recent years, even after

the statement of facts requirement was imposed." *Maerkel*, 2020 WL 57526, at *2 (citations omitted).

The plaintiff's counsel seeks reimbursement for a total of 66.79 hours of attorney time incurred, far in excess of the average time these cases require. As an initial matter, the plaintiff commenced this action *pro se* after consultation with the plaintiff's counsel who declined representation until she had the case file. Yet, the plaintiff's counsel seeks compensation for 4.73 hours from August to October 2019 while the plaintiff proceeded *pro se*. Although plaintiff's counsel did not file her appearance in this case until February 17, 2020, counsel's timesheet reflects that she began reviewing the plaintiff's file and proceeding as her counsel as of the November 10, 2019 entry. (Doc. No. 31 at 2). The Court declines to award the plaintiff's counsel compensation for time spent with the plaintiff prior to that date, when counsel explicitly declined to represent the plaintiff. Accordingly, the Court concludes that the 4.73 hours incurred from August 26 to October 17, 2019 are not compensable. Moreover, after careful examination of the entries post-dating October 17, 2019, the Court concludes that some additional reduction in compensable hours is appropriate.

"When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Vonaa v. Berryhill*, No. 3:17 CV 01378 (WIG), 2019 WL 22060666, at *1 (D. Conn. May 22, 2019). In sum, the Court considers "the time and labor required, the novelty and difficulty of the factual and legal questions, counsel's skill and experience and the results actually obtained." *Nieves v. Berryhill*, No. 3:15 CV 01842 (JCH), 2017 WL 2838076, at *1 (D. Conn. Jun. 30, 2017) (citing *Hensley*, 461 U.S. at 430 n.3).

In this case, the transcript was 870 pages, which is smaller than most administrative records. *See Vonaa*, 2019 WL 2206066, at *2 (finding administrative record of 900 pages "not especially lengthy"). Additionally, the issues in this case were not overly complex or novel, and the plaintiff's counsel has extensive experience representing claimants before this court. (*See* Doc. No. 28-1 (listing 166 cases in which counsel appeared in this district)). Yet the plaintiff's counsel spent nearly fifty-six hours briefing her dispositive motion and her reply memorandum, which is unreasonable given the plaintiff's counsel's extensive experience and expertise, and the fact that the case involved routine legal issues. (*See* Doc. No. 21; Doc. No. 31 at 5-7). Additionally, the plaintiff's counsel's time records are replete with block-billing entries. Thus, while the Court will not reduce the time spent on compiling the required medical chronology (*see* Doc. No. 31 at 5-6 (portions of 2/10/20, 2/12/20 and 2/20/20 entries; 2/15/20 entry), which was a lengthy twenty pages, the Court must exercise its discretion to deduct a portion of the attorney time spent on briefing  *See Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010) (guiding district courts to "make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application.")(citation and internal quotations omitted); *see also Hogan v. Astrue*, 539 F. Supp. 2d 680, 683 (W.D.N.Y. 2008) (holding that "[t]he Court is not required to scrutinize each action taken or the time spent on it when determining what is reasonable. Instead, the Court has discretion simply to apply a reasonable percentage reduction as a practical means of trimming fat from a fee application."). Accordingly, the Court excludes 40% of the time spent on briefing, reducing that amount from 55.9 to 33.54 hours.

The plaintiff seeks reimbursement for time spent reviewing correspondence, calendaring dates, and reviewing docket entries, the sort of "clerical tasks" that this Court has routinely held are not compensable under the EAJA. *Vonaa*, 2019 WL 2206066, at *2 (citing *J.O. v. Astrue*, No.

3:11-cv-1768 (DFM), 2014 WL 1031666, at *2 (D. Conn. Mar. 14, 2014); *Gelinas v. Colvin*, No. 3:13-cv-891 (CSH), 2014 WL 2567086, at *2 (D. Conn. Jun. 6, 2014); *see also Roman v. Colvin*, No. 3:15-cv-00917 (SALM), 2015 WL 9462061, at *3 (D. Conn. Dec. 28, 2015)).  Accordingly, the entries on February 17, 2020 (.4 hours), February 18, 2020 (.2 hours), March 3, 2020 (.35 hours) and September 17, 2020 (.2 hours) (totaling 1.15 hours), some of which are merged with time spent proofreading and editing, are reduced to .5 hours.

The time spent on calls and correspondence with the plaintiff on February 9, 2020 (.33 hours), February 11, 2020 (.25 hours) and September 15, 2020 (.33 hours), totaling .91 hours, is reasonable and will not be reduced.

Additionally, the plaintiff seeks 3.65 hours for "[r]eviewing [the] file and [d]raf[ing] the EAJA Petition."  (Doc. No. 31 at 7).  This District has routinely found two hours reasonable for the preparation of an EAJA petition.  *See, e.g.*, *Maerkel*, 2020 WL 57526, at *3; *Yulfo-Reyes v. Berryhill*, No. 3:17CV02015(SALM), 2019 WL 582481, at *4 (D. Conn. Feb. 13, 2019); *Texidor v. Colvin*, No. 3:10CV701(CSH)(JGM), 2015 WL 164062, at *4 (D. Conn. Jan. 13, 2015); *Barrow v. Astrue*, No. 3:11CV000828 (VLB)(TPS), 2013 WL 3428991, at *4 (D. Conn. Jun. 4, 2013).  In this case, the Court concludes that an award of two hours is too generous given the boilerplate nature of the plaintiff's motion.  (*See* Doc. No. 28-2 at 1-4 (boilerplate recitation); Doc. No. 28-1 (bearing the wrong plaintiff's name in the caption & the failure to attach counsel's time records)). Accordingly, the Court finds a reduction of 2.65 hours warranted; for this case, a total of one hour is appropriate for this task. *See Taylor v. Astrue*, No. 09 CV 1791 (MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011) (awarding one hour for preparation of a largely duplicative EAJA petition).

Bearing in mind the Second Circuit's "caution that fees under the EAJA should be awarded with an 'eye toward moderation,'" *Gelinas*, 2014 WL 2567086, at *3 (quoting *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983)), and in light of the foregoing, the total reduction of 30.39 hours from 66.79 hours is warranted. Accordingly, the plaintiff's counsel is entitled to an award of fees in the amount of $7,607.60 ($209/hour) for 36.4 hours of compensable work.

### C. COSTS

The plaintiff seeks an award of $15.00 in costs. Although a modest and nominal amount, such costs cannot be awarded. On September 30, 2019, the plaintiff's Motion to Proceed *In Forma Pauperis* was granted. (Doc. No. 9). In proceedings in which the plaintiff is afforded *in forma pauperis* status, the plaintiff may not seek costs from the United States. 28 U.S.C.A. § 1915(f)(1)("Judgment may be rendered for costs at the conclusion of [a] suit or action as in other cases, but the United States shall not be liable for any of the costs thus incurred."); *see Gomes v. Astrue,* No. 09–3771–cv, 2011 WL 1900579, at *1 (2d Cir. Apr. 29, 2011); *Maida v. Callahan,* 148 F.3d 190, 193 (2d Cir.1998) (*in forma pauperis* statute prevents an indigent claimant from recovering costs against the United States). Accordingly, the plaintiff is not awarded costs.

II.     CONCLUSION

For the reasons stated below, the plaintiff's Motion for Attorney's Fees (Doc. No. 28) is GRANTED in part in the amount of $7,607.60 ($209/hour) for 36.4 hours of compensable work.

This is not a recommended ruling. The parties consented to the jurisdiction of the undersigned for all purposes pursuant to 28 U.S.C. § 636(c). (Doc. No. 15).

Dated this 14th day of January, 2021 at New Haven, Connecticut.

                                                                         /s/Robert M. Spector, USMJ
                                                                         Robert M. Spector
                                                                         United States Magistrate Judge