UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                                               :

AKIRA K. [1]                                      :                      3:19 CV 1487 (RMS)

V.                                                      :

KILOLO KIJAKAZI,[2]                       :
ACTING COMMISSIONER OF
SOCIAL SECURITY                      :                      DATE: NOV. 4, 2021
------------------------------------------------------- x

RULING ON THE PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On October 31, 2021, the plaintiff's counsel filed a Motion for Approval of Attorney's Fees pursuant to 42 U.S.C. § 406(b), seeking an award of fees in the amount of $13,777.25, which amount represented 25% of the past-due benefits paid on the plaintiff's account. (Doc. No. 39). On November 2, 2021, the defendant filed his response in which he did not object to the amount requested and represented that, in his limited role in Section 406(b) matters, the amount requested did not exceed the statutory cap and did not constitute a windfall, there was no evidence of fraud or overreaching, and the plaintiff's motion was timely. (Doc. No. 40). Accordingly, for the reasons set forth below, the plaintiff's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 39) is GRANTED.

I.       PROCEDURAL BACKGROUND

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, in opinions issued in cases filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

On October 26, 2021, the Social Security Administration issued a Notice of Award letter informing the plaintiff's counsel that it had withheld a total of $13,777.25 from the plaintiff's past due benefits in anticipation of direct payment of an authorized attorney's fee. (*See* Doc. No. 39).[3] Pursuant to the retainer agreement between the plaintiff and her counsel, entered on September 2, 2019, and consistent with 42 U.S.C. § 406(b), the plaintiff's counsel was to receive the payment of an attorney's fee in the amount of 25% of the retroactive benefit award. (Doc. No. 39, Ex. A).

II.  LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1), "'[w]henever a court renders a judgment favorable to a claimant . . . who is represented before the court by an attorney, the court may determine and allow as part of the judgment a reasonable fee for such representation,' but that fee may not exceed '25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 321-22 (S.D.N.Y. 2007) (quoting 42 U.S.C. § 406(b)(1)(A)). Thus, attorney fee awards under section 406(b) of the Social Security Act are paid directly to the attorney out of the plaintiff's past benefits due pursuant to the terms of a contingency agreement. 42 U.S.C. § 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ["*Wells II*"] (holding that "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for the evaluation of a reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15 CV 949-A, 2018 WL 5924747, at *2 (W.D.N.Y. Nov. 13, 2018) (holding that "[f]ees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the [Equal Access to Justice Act] context, from the public fisc.").

---

[3] The plaintiff's counsel advises the Court that she has applied to the Administrative Law Judge to charge and collect a fee in the amount of $10,000 for work performed before the Social Security Administration under 42 U.S.C. § 406(a), and "awaits approval of that petition." (Doc. No. 39 at 2). The amount sought under § 406(a) is not, nor could it be, before this Court as the district court lacks jurisdiction over a § 406(a) fee petition.

The effect of section 406(b) "is threefold. It fix[es] a maximum percentage for contingent fees; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988) (citations & internal quotation marks omitted).  Accordingly, when considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency in the context of the particular case; and the best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation." *Wells II*, 907 F.2d at 371.

The Court is tasked with determining the reasonableness of a fee award under 42 U.S.C. § 406(b).  *See Gisbrecht*, 535 U.S. at 807; *Wells II*, 907 F.2d at 372. The court must consider: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells II*, 907 F.2d at 372.

In this case, the plaintiff's counsel seeks an award in the amount of $13,777.25, which is twenty-five percent of the total past due benefits. (Doc. No. 39 at 1). It is undisputed that this requested amount does not exceed the statutory cap.  The plaintiff's counsel asserts that she spent a total of 66.7 hours of service at the district court level; thus, the *de facto* hourly rate is $206.56 ($13,777.25 divided by 66.7 hours).  (Doc. Nos. 28, 39).  The defendant agrees that this amount is "reasonable and not a windfall."  (Doc. No. 40 at 6 ("courts within this district and the Second Circuit have approved comparable hourly rates") (footnote omitted)).  Additionally, the defendant agrees that "there is no evidence of fraud or overreaching."  (*Id*.).  Accordingly, the Court concludes that the contingent fee requested is reasonable, and in fact, is significantly less than the

hourly rates approved within this district and the Second Circuit. *See Mingione v. Berryhill*, 3:17 CV 911 (WIG), Doc. No. 31 (D. Conn. Apr. 8, 2020) (approving $625.40 per hour); *see also Benoit v. Berryhill*, 3:19 CV 443 (WIG), Doc. No. 19 (D. Conn. Apr. 30, 2020) (approving $570.50 per hour); *Mitchell v. Astrue*, 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *5-6 (E.D.N.Y. Apr. 29, 2019) (citing cases).

Where counsel receives fees for the same work under the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b), counsel must return the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. The plaintiff's counsel acknowledges she will refund to the plaintiff the EAJA fee in the amount of $7,607.60. (Doc. No. 39 at 4; *see* Doc. No. 32).

Furthermore, the timeliness of this motion is not contested. (*See* Doc. No. 40 at 2-3). On May 7, 2021, the Social Security Administration issued a Notice of Award relating to the plaintiff's past-due Social Security Income benefits but did not issue a Notice of Award relating to the plaintiff's Social Security Disability Insurance ("SSDI") benefits until October 26, 2021, at which time the plaintiff filed the pending motion. Upon receipt of the first Notice of Award in May 2021, the plaintiff filed a motion for extension of time to file a § 406(b) motion until she received the SSDI notice. (Doc. No. 33; *see* Doc. No. 38). The Court granted the plaintiff's motion for extension of time to file her motion for fees pursuant to § 406(b), directing the plaintiff to file her final motion for fees within fourteen days of receipt of the second Notice of Award. (Doc. No. 38). The plaintiff filed this motion five days after the October 26, 2021 Notice of Award relating to her SSDI benefits. Thus, the plaintiff's motion is timely.

Accordingly, the plaintiff's Motion for Approval of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. No. 39) is GRANTED in the amount of $13,777.25.  Consistent with the plaintiff's counsel's representation and obligation, she shall refund the EAJA award to the plaintiff.

III.    CONCLUSION

For the reasons stated above, the plaintiff's Motion for Approval of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. No. 39) is GRANTED in the amount of $13,777.25.  Consistent with the plaintiff's counsel's representation and obligation, she shall refund the EAJA award to the plaintiff.

SO ORDERED at New Haven, Connecticut the 4th day of November, 2021.

    /s/ Robert M. Spector
Robert M. Spector
United States Magistrate Judge